# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KOFFI AMEYAPOH, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. JKB-19-0017 |
| WARDEN BRIAN FROSH, | * | |
| Respondent. | * | |

\*\*\*

## MEMORANDUM OPINION

Petitioner Koffi Ameyapoh has filed a Petition for a Writ of Habeas Corpus challenging his conviction pursuant to 28 U.S.C. § 2254. ECF No. 1. Ameyapoh states as his ground for relief that the Maryland Court of Special Appeals' dismissal of his appeal violated his right to Equal Protection Clause and his "Fifth and Fourteenth Amendment right to a meaningful appeal." ECF No. 1 at 5, 7. Respondent Warden Brian Frosh filed a "Limited Answer" asserting that Ameyapoh's claims may not be considered by this court because the Petition was not timely filed within the one-year limitations period under 28 U.S.C. § 2244. ECF No. 10. Respondent also asserts that Ameyapoh is not entitled either to statutory tolling or an equitable exception to the one-year filing deadline.

Pursuant to *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), Ameyapoh was afforded an opportunity to explain why the Petition should not be dismissed as time barred. ECF No. 11. Ameyapoh filed two replies. ECF Nos. 12, 15. Ameyapoh states that since Respondent sought an extension of time to respond to his Petition, he forfeited his right to raise the timeliness issue. ECF No. 12 at 2; ECF No. 15 at 2. He also states that sometime in 2015 he filed a challenge to his 2014 conviction due to his mental incompetency and the side effects of medication he was taking and this fact should entitle him to equitable tolling. *Id.*

No hearing is necessary to resolve the matter. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(a); *see also* Local Rule 105.6 (D. Md. 2021); *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, the Court shall deny the Petition. The Court also declines to issue a certificate of appealability.

## BACKGROUND

In 2014, Ameyapoh was convicted after a jury trial held in the Circuit Court for Montgomery County of multiple counts of second-degree rape, sexual abuse of a minor, and third degree sexual offense. ECF No. 10-1 at 37. He was sentenced to an aggregate 15 year term of incarceration. *Id.* at 38. He noted a timely direct appeal, which was dismissed by the Court of Special Appeals due to Ameyapoh's failure to file a trial transcript. *Id.* at 39–40; *Ameyapoh v. State*, No. 14-1432 (Md. Ct. Spec. App. March 10, 2015). The Court of Special Appeals' mandate issued on April 9, 2015. ECF No. 10-1 at 40.

Thereafter, Ameyapoh did not file anything in state court until 2017, when he filed a number of motions, applications, and petitions in the circuit court which were all denied. *Id.* at 41. The first, an "application for leave to appeal" was filed on June 1, 2017, and denied on June 7, 2017. *Id.* On November 27, 2017, Ameyapoh moved to renew the application for belated appeal. The motion was denied on December 7, 2017. *Id.*

On December 19, 2017, Ameyapoh filed a petition for post-conviction relief. *Id.* On January 4, 2018, the state post-conviction court, without holding a hearing, summarily denied the petition. *Id.* at 42. Ameyapoh's application for leave to appeal was granted by the Court of Special Appeals because the circuit court should have held a hearing. *Id.* at 42, 47. Review of the Maryland Judiciary Case Search demonstrates that the post-conviction hearing was held on

2

September 8 2020, and the petition denied on May 19, 2021. *See* https://casesearch.courts.state.md.us/casesearch/inquiry (last visited Sept. 13, 2021).

Ameyapoh filed his § 2254 Petition with this court on December 26, 2018. ECF No. 1 at 15. *See* Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 3(d) (mandating prison-mail box rule); *Houston v. Lack*, 487 U.S. 266, 274 (1988).

## STANDARDS OF REVIEW

### A. Timeliness

Under 28 U.S.C. § 2244(d)(1), a petition for writ of habeas corpus must be filed within a one-year limitations period, which runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

This one-year period is, however, tolled while properly filed state post-conviction proceedings are pending. *Id.* § 2244(d)(2).

### B. Equitable Tolling

Under limited circumstances, the one-year limitations period for filing a habeas petition may be subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687–88 (4th Cir. 2000). To invoke equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some

3

extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris,* 209 F.3d at 330).

### C. Actual Innocence

In *McQuiggin v. Perkins,* 569 U.S. 383 (2013), the Supreme Court instructed that a federal habeas court faced with an actual innocence claim should not count unjustifiable delay as an absolute barrier to relief, but it should be weighed as a factor in determining whether actual innocence has been reliably established. *Id.* at 399–400. But, the Court cautioned that "tenable actual-innocence gateway claims are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995)); *see also Finch v. McKoy,* 914 F.3d 292, 298 (4th Cir. 2019).

The *McQuiggin* decision did not create a new right to habeas review, nor did it change existing law. Rather, it simply clarified the "actual innocence" standard as a gateway to habeas corpus review. To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. *Schlup,* 513 U. S. at 324. New evidence may consist of "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999); *see also Finch,* 914 F.3d at 298. The new evidence must be evaluated with any other admissible evidence of guilt. *Wilson v. Greene,* 155 F.3d 396, 404–05 (4th Cir. 1998). And, the new evidence must do more

4

than undermine the finding of guilt; it must affirmatively demonstrate innocence. *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999). To invoke the actual innocence exception to the procedural default doctrine, a defendant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327.

## ANALYSIS

Respondent asserts that the Petition is time barred and should be dismissed because it was not filed within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). ECF No. 10. Respondent further asserts that Ameyapoh is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) or to an equitable exception. *Id.*

Ameyapoh's conviction became final for direct review purposes on April 24, 2015, when the time for filing a petition for certiorari review in the Court of Appeals of Maryland expired, *i.e.*, 15 days after the Court of Special Appeals' mandate issued on April 9, 2015. *See* Md. Rule 8-302(a). The one-year limitations period therefore expired on April 24, 2016. *See* 28 U.S.C. 2244(d)(1). Ameyapoh had nothing pending between April 24, 2015, and the expiration of the limitations period on April 24, 2016, which would have tolled the limitations period. He did not file anything else challenging his conviction in state court until 2017, when he began again to challenge his conviction. Those filings do not revive the limitations period. *Gray v. Waters*, 26 F. Supp. 2d 771, 772 (D. Md. 1998); *see also Smith v. McGinnis*, 208 F.3d 13, 16–17 & n.2 (2d Cir. 2000) (explaining that a state postconviction proceeding commenced after the one-year limitation period has already expired does not "reset" the start of the limitation period). Accordingly, the statute of limitations had long expired when he filed the instant petition on December 26, 2018.

5

Ameyapoh did not assert an equitable tolling argument in his Petition, but because these issues were raised by Respondent in the memorandum of law, the court provided Ameyapoh with a specific opportunity to address this issue. ECF No. 11. In his reply Ameyapoh does not assert that there was any impediment to filing his application caused by state action, any newly recognized constitutional right, or any newly discovered factual predicate underlying his claims that would present a situation indicating that he timely filed his Petition within the one-year period. *See* 28 U.S.C. § 2244(d)(1)(B)(C)(D); *See also generally* ECF Nos. 12, 15.

Ameyapoh asserts that sometime in 2015 he filed a challenge to his 2014 conviction due to his mental incompetency and the side effects of medication he was taking and argues that this fact should entitle him to equitable tolling. ECF No. 12 at 2; ECF No. 15 at 2. A number of circuits have recognized the possibility that mental incompetency may support the equitable tolling of a habeas limitation period. *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Calderon v. United States Dist. Court for the Central Dist.*, 163 F.3d 530, 541 (9th Cir.1998), *cert. denied*, 526 U.S. 1060 (1999).

However, Petitioner has not been found mentally incompetent. He does not identify his mental deficiencies, nor does he allege that this condition was so severe as to seriously affect his ability to pursue his legal rights during the relevant time period. *See Rhodes v. Senkowski*, 82 F.Supp.2d 160, 169–70 (S.D.N.Y. 2000). Ameyapoh has offered no evidence as to whether he suffered from mental incompetence during the pursuit of his direct appeal and state post-conviction proceedings. Moreover, he has offered no evidence that any mental incompetence precluded him from pursuing his state post-conviction proceedings in a timely manner so as to preserve his right to federal review. In short, Ameyapoh provides no reason why his mental

condition barred him from timely filing his habeas petition. As such, Ameyapoh has failed to meet his burden of proof to justify equitable tolling by showing that "circumstances beyond his control" prevented him from filing a timely petition.

Nor does Ameyapoh provide any new information to this court in support of an actual innocence claim. He does not advance an argument that relies on new evidence that is reliable, or otherwise affirmatively demonstrates his innocence. Ameyapoh has not made the showing required for actual innocence and for the court to consider the merit of his claims. *See McQuiggin*, 569 U.S. at 394–95 (stating that the merits of a petition which is concededly time-barred, may be reached if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted'" the petitioner) (quoting *Schlup*, 513 U.S. at 329).

For the reasons stated herein, the relief sought must be denied and the Petition shall be dismissed as untimely.

## CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Ameyapoh fails to meet this standard and a Certificate of Appealability shall not issue.

Ameyapoh may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee,* 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition is DISMISSED as time-barred and the Court declines to issue a Certificate of Appealability. A separate Order shall issue.

Dated this 13 day of Sept, 2021.

FOR THE COURT:

James K. Bredar
Chief Judge